IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruslan Makhmudov, | No. CV-25-01951-PHX-KML (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Ruslan Makhmudov filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking his release from immigration detention. Petitioner alleges he faces death due to his complicated and serious medical conditions and the facility's inability to adequately treat or care for those conditions. Because the court is unable to grant petitioner habeas relief in these circumstances, the petition is dismissed.

**I.    Background**

In his single count petition, petitioner states he is a Russian citizen who came to the United States seeking asylum. (Doc. 1 at 1-2.) His requests for humanitarian parole under 8 C.F.R. § 212.5(b)(1) based on his medical conditions were denied.[1] (Doc. 1 at 2.) In February 2025, petitioner's request for asylum was denied but his application for deferral of removal under the Convention Against Torture (CAT) was granted. (Doc. 1 at 2.) Petitioner remains in immigration detention, which he claims violates his Fifth Amendment

---

[1] Petitioner alleges that he is legally blind due to Marfan Syndrome and in February 2025 had two open heart surgeries while detained. He alleges respondents have repeatedly failed to provide adequate medical care to him.

right to life because he is being denied adequate medical care for his life-threatening medical conditions. Alongside his petition for writ of habeas corpus, petitioner also filed a motion for immediate injunctive relief. (Doc. 1, 2.) The court ordered an expedited response to the petition and motion for injunctive relief. (Doc. 6.) Respondents contend petitioner's claim qualifies as a challenge to his conditions of confinement, which is a challenge not cognizable in a habeas corpus action. Respondents are correct.

## II.     Summary Dismissal

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g., Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

In *Pinson v. Carvajal*, the Ninth Circuit clarified that although "§ 2241 is available for actions challenging the conditions of carrying out a sentence or putting the sentence into effect," this "is not synonymous with challenging conditions of confinement." 69 F.4th 1059, 1068 (9th Cir. 2023). Rather, a claim sounds in habeas corpus only "if a successful petition demonstrates that the *detention itself* is without legal authorization." *Id.* at 1070 (emphasis in original). "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus," and the court lacks jurisdiction over such habeas claims. *Id.* at 1071. In determining whether a claim sounds in habeas, "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* at 1072.

In this case, petitioner believes his serious medical conditions—legal blindness, Marfan syndrome, and recent heart surgeries—cannot be adequately treated while in immigration detention. Petitioner's conditions are serious, but seeking adequate treatment for them does not challenge the legal authority for his detention. This claim therefore does not properly sound in habeas corpus, and the court lacks jurisdiction to consider it under § 2241. *Id.* at 1075; *see also Wragg v. Ortiz*, 462 F. Supp. 3d 476, 503-04 (D.N.J. 2020)

(claims seeking release to non-prison settings due to allegedly unconstitutional conditions of confinement are not cognizable on habeas review); *Toure v. Hott*, 458 F. Supp. 3d 387, 399 (E.D. Va. 2020) (finding detainees who sought release due to COVID-19 conditions were not challenging the fact or duration of their detention and therefore their claims were not cognizable on habeas).

Petitioner's reply cites *Zepeda Rivas v. Jennings*, 845 Fed. App'x 530 (9th Cir. 2021), in arguing the Ninth Circuit has "concluded that the district court had authority to enter appropriate injunctive relief to remedy a likely constitutional violation." (Doc. 16 at 3.) Petitioner is not entirely correct. *Zepeda Rivas* "recognized that the Due Process Clause of the Fifth Amendment provides civil immigration detainees an implied cause of action to seek equitable relief from unconstitutional conditions of confinement" but explicitly did not decide whether habeas provided the proper vehicle "because plaintiffs also brought a class action seeking declaratory and injunctive relief to remedy the condition." *Id.* at 534-535. *Zepeda Rivas* relied on *Roman v. Wolf*, 977 F.3d 935, 941 (9th 2020), which likewise did not reach whether "a district court on habeas review" may issue injunctive relief "to remedy unconstitutional conditions of confinement." Both *Zepeda Rivas* and *Roman* made clear they were not resolving whether habeas was the appropriate vehicle for conditions-of-confinement claims. And any uncertainty remaining after those cases was extinguished by *Pinson*. For these reasons, the court lacks jurisdiction to hear petitioner's habeas claim and the petition is dismissed.

/
/
/
/
/
/
/
/

- 3 -

**IT IS THEREFORE ORDERED** petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) and Motion for Order to Show Cause (Doc. 12) are **denied**.

**IT IS FURTHER ORDERED** the Clerk of Court must enter judgment accordingly and close this case.

Dated this 26th day of August, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge